# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 19-11191
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2020

Lyle W. Cayce
Clerk

SAMUEL T. RUSSELL,

      Plaintiff - Appellant

v.

STATE OF TEXAS, Education Agency,

      Defendant - Appellee

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-430

—————

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

    Plaintiff–appellant Samuel Russell, a resident of Texas, sued defendant–appellee the State of Texas in federal district court. Claiming that Texas failed to answer his complaint timely, Russell moved for a default judgment.[1] The district court denied the motion, and another panel of this court dismissed

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Texas maintains that it was improperly served. This dispute is immaterial to our resolution of the case.

No. 19-11191

Russell's interlocutory appeal for lack of appellate jurisdiction. The district court subsequently dismissed the lawsuit on sovereign-immunity grounds. *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which [a] State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

In his principal brief on appeal, Russell, pro se, argues that his motion for a default judgment should have been granted, but he fails to address the basis for the district court's adverse judgment, sovereign immunity. Then, in his reply, Russell argues that the Eleventh Amendment, by its plain language, bars suits against states only "by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Const. amend. XI. As a citizen of Texas, Russell asserts that the Eleventh Amendment does not bar him from suing Texas.

Russell's argument has been foreclosed for well over a century. *See Hans v. Louisiana*, 134 U.S. 1, 10-16 (1890); *see also Pennhurst*, 465 U.S. at 98 ("[I]n *Hans v. Louisiana*, the Court held that, despite the limited terms of the Eleventh Amendment, a federal court could not entertain a suit brought by a citizen against his own State." (citation omitted)). Because Russell does not show that Texas has consented to his suit, or that Congress has abrogated Texas's sovereign immunity in this context, *cf. Pennhurst*, 465 U.S. at 99, his suit cannot proceed.

The judgment of the district court is AFFIRMED.